UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 04-57-DCR |
| V. | ) ) ) | |
| JAMES D. HARPER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant James Harper entered a guilty plea on August 19, 2004, to a conspiracy to distribute 500 or more grams of a mixture or substance containing a detectible amount of methamphetamine. [Record No. 17] On March 14, 2005, Harper received a sentence of 210 months' imprisonment, to be followed by a five year term of supervised release. [Record No. 38] The United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment on January 26, 2007, with the mandate being issued February 22, 2007. At present, the Defendant's petition for a writ of certiorari is pending before the United States Supreme Court. [Record No. 64]

On April 9, 2007, Defendant Harper moved the Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct the Presentence Investigation Report ("PSR"). [Record No. 65] Through this motion, Harper seeks to have the Court remove a reference to an arson charge in the Criminal History section of the report. According to the Defendant, this reference is incorrect and prevents him from participating in the Bureau of Prison's intensive drug

-1-

education and treatment program. The specific reference to the arson charge is contained in paragraph 44 of the PSR. This paragraph appears toward the end of Part B (i.e., the Criminal History section of the PSR) under the subsection listing "Other Arrests." Thus, no criminal history points were assessed for this arrest and the alleged arrest did not result in the Defendant being placed in a higher Criminal History Category. Instead, the paragraph in question provides that the Defendant was arrested on October 19, 1983 for "Arson - 3rd degree, and the information was obtained from a NCIC printout. Although the charge identified a disposition date of 06/28/1984 and indicated "3 years", the Probation Officer responsible for preparing the PSR further stated that she was "unable to locate additional documentation as to this arrest and conviction. Harper advised his home burned in 1983, but that he was never charged or convicted in relation to the incident."

The transcript of the sentencing hearing held March 14, 2005, reflects that neither the Defendant nor his attorney objected to the information contained in this portion of the PSR. [*See* Record No. 59, pp. 53, 63] Further, it does not appear that the Defendant raised any objection or issue concerning his criminal history in his direct appeal[1] or in his September 25, 2006, letter to the Court. [Record No. 61]

Having reviewed the Defendant's motion, the Court will deny the relief sought. Under Rule 36 of the Federal Rules of Criminal Procedure, the Court may, after giving proper notice,

---

[1] While the Court does not have copies of all pleadings filed with United States Court of Appeals for the Sixth Circuit, the United States' appellate brief responds to three issues: 1. whether Harper validly waived the right to appeal; 2. whether Harper was entitled to receive a downward departure for acceptance of responsibility; and 3. whether Harper's sentence was reasonable. Likewise, the Order disposing of the initial appeal addresses these same issues. [Record No. 62]

correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission. Rule 36, Fed. R. Crim. P. The Rule allows correction of such items as an incorrectly calculated offense level, or an incorrect reference to a statute of conviction. *United States v. Williams*, 176 F.3d 301, 313 (6th Cir. 1999); *Hagins v. United States*, 267 F.3d 1202, 1207 (11th Cir. 2001); *Chowdhury v. INS*, 249 F.3d 970, 973 (9th Cir. 2001). However, it may not be used to correct substantive errors. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). Likewise, the Rule may not be used to modify items of record that are not erroneous.

Here, Defendant Harper asserts that he was not convicted of arson as set out in paragraph 44 of the PSR, but that the inclusion of this information will preclude him from receiving the benefits of the 500 hour Residential Drug Abuse Program offered by the Bureau of Prisons. [Record No. 65, p. 3] However, the Defendant has offered no more information that what was supplied and included in his PSR. Further, the information contained in the PSR merely states that the Defendant was charged with this offense[2] and that the only source of the information is the NCIC printout. The Defendant has offered absolutely no evidence that this information was not listed on the NCIS printout, just that he contests its accuracy. And the fact that he challenges the accuracy of the information is plainly included in the PSR. Accordingly, the Court does not believe that an error has occurred or that any correction should be made to the PSR.

Being sufficiently advised, it is hereby

---

[2] The reference to a disposition of three years does not alter this analysis. If, in fact, information was available to confirm such a disposition, the matter would be listed under the subheading captioned "Adult Criminal Convictions" rather than "Other Arrests."

**ORDERED** that the Defendant's motion to correct the presentence investigation report [Record No. 65] is **DENIED**.

This 10th day of April, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge