UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. 6: 08-33-DCR |
| Plaintiff, | ) | Criminal Action No. 6: 04-57-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES D. HARPER, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant James D. Harper's ("Harper") motion for reconsideration [Record No. 85] filed in response to the Memorandum Opinion and Order ("Opinion and Order") entered on September 26, 2008. [Record No.83] The Opinion and Order dismissed Harper's earlier 28 U.S.C. § 2255 petition with prejudice based on the waiver provision contained in Harper's plea agreement.  However, Harper contends that his objections to the Magistrate Judge's Recommended Disposition [Record No. 84] were timely filed and should be part of the Court's consideration of his § 2255 petition.  For the reasons discussed below the Court will reconsider it prior Opinion and Order in light of Harper's objections.  However, these objections do not alter the result reached previously.  Accordingly, the objections will be denied and the prior Opinion and Order will be reaffirmed.

-1-

## I.     BACKGROUND

Harper pled guilty to a one-count Information alleging a conspiracy to distribute 500+ grams of a mixture or substance containing methamphetamine.  He appealed his 210-month sentence, but the Sixth Circuit dismissed his appeal based on the waiver provision contained in his plea agreement.  Harper then filed an amended motion to vacate under 28 U.S.C. §2255 on June 25, 2007.  In his motion, he argued, among other things, ineffective assistance of counsel, an unreasonable sentence under the U.S. Sentencing Guidelines, and an invalid guilty plea. [Record No. 70]

The Magistrate Judge issued a Recommended Disposition [Record No. 82] on September 8, 2008, directing the parties to serve and file written objections within ten days after being served a copy of the order.  On September 26, 2008, this Court issued an Opinion and Order [Record No. 83] adopting and incorporating the Magistrate Judge's Recommended Disposition, noting that no objections had been filed.  Three days later, on September 29, 2008, Harper filed his objection to the Magistrate Judge's Recommended Disposition.  On October 14, 2008, Harper filed the instant motion for reconsideration based on his previously submitted objections.

## II.    STANDARD OF REVIEW

Under 28 U.S.C § 2255, "[a] prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  In making such a petition, a prisoner may claim that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

*Id*.  "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish

an error of constitutional magnitude which had a substantial and injurious effect or influence on

the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted).

Additionally, "[t]o prevail on a § 2255 motion alleging non-constitutional error, the petitioner

must establish a 'fundamental defect which inherently results in a complete miscarriage of

justice, or, an error so egregious that it amounts to a violation of due process.'" *Id*. (citations

omitted).

This Court must make a *de novo* determination of those portions of a magistrate judge's

recommended disposition to which an objection is made.  28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

#### A.   Harper's Motion to Alter or Amend

The Court will grant Harper's motion to reconsider.  Under 28 U.S.C. § 636(b)(1),

"[w]ithin ten days after being served with a copy [of a Magistrate Judge's proposed findings and

recommendations], any party may serve and file written objections to such proposed findings and

recommendations as provided by rules of court."  In applicable circumstances, this rule is

informed by the "prison mailbox rule," a filing rule adapted for prisoners.

> Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed
> when it is handed over to prison officials for mailing to the court.  Cases expand
> the understanding of this handing-over rule with an assumption that, absent
> contrary evidence, a prisoner does so on the date he or she signed the complaint.

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Here, Harper's objection was received and

entered on September 29, 2008 – four days after the ten-day period plus three additional days

for mailing.  However, Harper's objection is signed on September 18, 2008, well within the ten-

-3-

day period.  Under the "prison mailbox rule," the Court will consider the objections as being timely filed.  As a result, the Court will reconsider its earlier Opinion and Order in light of Harper's objections.

### B.  Reconsideration of the September 26, 2008, Opinion and Order in Light of Harper's Objections

Harper pled guilty to a single count based on a methamphetamine conspiracy and signed a plea agreement.  The plea agreement contained a waiver provision which eliminated his "right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence."  [Record No. 19]  In addition, the United States agreed that it would recommend a three level reduction to his offense level for acceptance of responsibility under the United States Sentencing Guidelines § 3E1.1.  However, at sentencing, the United States argued against this decrease based on evidence that Harper had been trafficking drugs from his detention center.  The United States also presented evidence that Harper, through his girlfriend, had been "attempting to contact Judge Karen Caldwell's family to influence [his] detention status."[1]  [Record No. 82] Based on this evidence, the Court found that Harper should not received a three-level decrease in his offense level under §3E1.1.  Absent this reduction, Harper's sentencing range under the Guidelines was 151 to 188 months.  [Record No. 37]  The Court, considering Harper's post-plea criminal activity and attempts to contact Judge Caldwell's family, sentenced Harper above the Guideline range to 210 months in prison.  The Sixth Circuit denied Harper's subsequent appeal based on the waiver provision contained in his plea agreement.  *United States v. Harper*, No. 05-

---

[1]     This case was originally assigned to Judge Caldwell.  However, based on this attempted improper conduct, she recused herself and Harper's sentencing hearing was conducted by the undersigned.

5450 (6th Cir. Jan. 26, 2007).  The United States contends that dismissal of Harper's § 2255 motion is warranted based on the waiver provision.  Harper counters that the waiver provision is unenforceable.  [Record No. 76]

Harper now raises a number of objections to the Magistrate Judge's Recommended Disposition.  His objections duplicate the arguments he raised in his original Motion to vacate [Record No. 70] and subsequent replies.  [Record No. 82]  Harper objects to the Magistrate Judge's conclusion that he validly waived his right to collaterally attack his guilty plea on two grounds.  First, he claims that the United States breached the terms of the plea agreement, rendering it unenforceable.  Second, he claims that his ineffective assistance of counsel claims are sufficient to defeat the waiver because "he in fact would have never pled guilty or entered into any agreement with the Government had it not been for counsel's coercion and promises." [Record No. 84]

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement."  *United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004) (citing *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001)).  The Sixth Circuit has held that the right to collaterally attack a conviction and sentence may be waived in a plea agreement, so long as the waiver is "informed and voluntary."  *Watson*, 165 F.3d at 489.  However, the court recently noted that such a waiver does not apply to claims "that go to the very validity of a guilty plea," such as "where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel."  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).   According to *Acosta*, "it would be entirely circular for the

-5-

government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id*.

Rule 11 of the Federal Rules of Criminal Procedure requires that a district court verify that a defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir. 1988); FED. R. CRIM. PRO. 11. Additionally, under Rule 11(b)(1)(N), "the court must inform the defendant of, and determine that the defendant understands the consequences of any appellate-waiver provision in the plea agreement" before accepting the defendant's guilty plea." *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). In *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999), the Sixth Circuit held that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. In this case, there is nothing in the record to suggest that Harper misunderstood the scope of his waiver of right to appeal and collaterally attack his conviction and guilty plea. Harper indicated at his plea hearing that he had reviewed the plea agreement with counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced. Moreover, the record reflects that he was fully aware that no particular sentence could be promised and that the Court would determine the final sentence.

As the Magistrate Judge expertly concluded in his Recommended Disposition,

At the plea hearing, Harper again confirmed to the District Judge (this time under oath) that he had reviewed the agreement with counsel and fully grasped its provisions. In addition, the District Judge personally addressed Harper and

specifically discussed the collateral-attack waiver, per Rule 11(b)(1)(N). Harper affirmatively responded that he comprehended the provision.

[Record No. 82] This Court agrees with the Magistrate Judge's conclusions and finds that Harper knowingly and voluntarily waived his right to attack collaterally his guilty plea, conviction, and sentence.

Second, the Court will not alter its determination that the United States did not breach the terms of the plea agreement. "In determining whether a plea agreement has been broken, courts look to what was reasonably understood by the defendant when he entered his plea of guilty." *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (internal quotations omitted). "A guilty plea does not automatically entitle a defendant to the acceptance of responsibility reduction." *United States v. Carroll*, 893 F.2d 1502, 1512 (6th Cir. 1990). And by Harper's own admission, he participated in illegal activity from his detention center.

Harper argues with the Court's finding that he was involved in methamphetamine and marijuana trafficking from his detention center; in particular, he admits that he instructed "his girlfriend to pull up some marijuana plants to sell them so that she could pay the telephone bill," but adamantly denies any discussion of methamphetamine. [Record No. 84] His argument only serves to highlight the evidence that he was participating in criminal activity after pleading guilty. "Acceptance credit may be properly denied where, as here, a defendant continues to engage conduct which is substantially similar to that for which he was convicted. *United States v. Snyder*, 913 F.2d 300, 305 (6th Cir. 1991). As this Court found at Harper's sentencing, "the Defendant has engaged in conduct which clearly establishes that he has not accepted responsibility for his actions." [Record No. 37] Since he did not accept responsibility, this

Court cannot find that he "reasonably understood" or expected that the United States would still recommend a three-level decrease under § 3E1.1.

Harper's claims of ineffective assistance of counsel are also unpersuasive. To succeed on an ineffective assistance of counsel claim, a defendant must prove that his counsel's performance was deficient and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance under *Strickland* is "deficient performance, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id.* (citations omitted). A petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Id.* at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

Harper contends that he would never have pleaded guilty absent his attorney's "coercion and promises." [Record No. 84] First, under the objective standard of reasonableness, Harper cannot show that his counsel was ineffective because he advised Harper to plead guilty. Waivers of the right to appeal and collaterally attack a guilty plea are often included in plea agreements, and the Sixth Circuit has expressly held that such waivers enforceable if they are informed and voluntary. *Watson*, 165 F.3d at 489. Moreover, Harper cannot show that he was prejudiced by entering into the plea agreement. As the Magistrate Judge noted,

> Harper cannot establish constitutionally inadequate representation just because the plea agreement contained a waiver. Here, the United States pledged to

recommend credit for acceptance of responsibility and also to file a § 5K1.1 motion (for downward departure below the statutory minimum) if Harper provided substantial assistance.  Harper thus obtained significant promises from the United States in exchange for waiving his rights and pleading guilty.  Though Harper ultimately did not receive the full benefits of his bargain, he has himself – not counsel – to blame.

[Record No. 82]

After reviewing the record *de novo* in light of Harper's objections, the Court agrees with the Magistrate Judge's conclusion that Harper knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence.  Additionally, this Court agrees that Harper's claims of ineffective assistance of counsel in connection with the waiver lack merit.  Therefore, the waiver is enforceable and Harper's petition under § 2255 will be denied.

Because Harper validly waived his right to collaterally attack his guilty plea, conviction and sentence, this Court need not address the remaining claims raised in his petition.  In addition, Harper requests an evidentiary hearing.  For claims not barred by the waiver provision, the Court agrees with the Magistrate Judge that there is no need to conduct a hearing if the defendant's allegations are conclusory in nature, or refuted by the record.  *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).  The Court finds that Harper does not raise any additional matters warranting development through an evidentiary hearing.

Finally, the Court fully agrees with the Magistrate Judge's determination that Harper is not entitled to a certificate of appealability because he had failed to make a "substantial showing" of the denial of a constitutional right.  [Record No. 82] (quoting 28 U.S.C. §

2253(c)(2)).  Therefore, upon reconsideration of the Opinion and Order [Record No. 83], the Court will not make any amendments or alterations to its earlier determinations.

## IV.   CONCLUSION

The Court has fully reviewed the record in light of Harper's objections.  However, Harper has not presented any grounds for altering or amending the Court's earlier Opinion and Order. Accordingly, it is hereby **ORDERED** as follows:

1.     Petitioner Harper's motion for reconsideration is **GRANTED**.  However, the Petitioner's objections to the Magistrate Judge's Recommended Disposition are **OVERRULED**.

2.     The Court **ADOPTS** and **INCORPORATES** the findings and conclusions contained in the Memorandum Opinion and Order filed September 26, 2008 [Record No. 83].

3.     The Magistrate Judge's Recommended Disposition [Record No. 82] is **ADOPTED** and **INCORPORATED** by reference.

4.     Harper's motions to vacate his sentence pursuant to 28 U.S.C. § 2255  [Record Nos. 70 and 72] are **DENIED**.

5.     Harper's request for a ruling in his favor [Record No. 77] is **DENIED**.

6.     The United States' motion to dismiss Harper's petitions under 28 U.S.C. § 2255 [Record No. 74] is **GRANTED**.

7.     A Certificate of Appealability shall not issue because Harper has not made a substantial showing of the denial of any substantive constitutional right.

8.     Harper's request for an evidentiary hearing is **DENIED** for the reasons outlined in the Magistrate Judge's Recommended Disposition.

-10-

9.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 4th day of November, 2008.



Signed By:

*Danny C. Reeves*

United States District Judge