UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-57-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES D. HARPER, | ) | **MEMORANDUM OPINION** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of *pro se* Defendant James D. Harper's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 92] The defendant seeks this reduction based upon proposed amendments to the United States Sentencing Guidelines. Harper was originally sentenced to a term of incarceration of 210 months on March 14, 2005. [Record No. 38] Having again reviewed the file of this proceeding, it is abundantly clear that a reduction of Harper's sentence is not warranted. [Record Nos. 38, 42, 59]

Following the filing of a criminal complaint, Harper agreed to waive indictment and plead guilty to an Information. [Record No. 16] Harper pled guilty to knowingly and intentionally conspire to distribute five hundred grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [*Id.*] Harper was sentenced on March 5, 2005, to a term of incarceration of 210 months, to be followed by a term of supervised release of five years. [Record No. 38] Harper's Plea Agreement outlined his criminal conduct. Paragraph 3 of that Agreement provides, in part:

> Beginning in March 2002 and continuing through December 2, 2003, the defendant conspired or agreed [with others] to distribute over 500 grams of a mixture or substance containing methamphetamine to others in Rockcastle County in the Eastern District of Kentucky.
>
> On July17, 2003, the defendant delivered voluntarily to DEA agents drug ledgers from the defendant which recorded a number of drug transactions between the defendant . . . and others. The ledger noted over 500 grams of methamphetamine distributed for Graves by the defendant.
>
> On December 2, 2003, DEA agents arrested the defendant and found on his person a quantity of methamphetamine (.93 grams) and two firearms in his vehicle. Witnesses provided DEA agents with information that they were present at the residence for the purpose of purchasing methamphetamine from the defendant and that the defendant in the past used the outbuilding to distribute his drugs. DEA agents with consent searched the outbuilding and located a set of digital scales and a number of plastic baggies. In addition, the defendant was interviewed after Miranda and made a confession to DEA agents that he was a part of the Graves methamphetamine conspiracy to distribute over 500 grams of a mixture or substance containing methamphetamine. . . .

[Record No. 19]

Harper argues that his sentence should be reduced based on the United States Sentencing Commission's proposed reduction to the drug tables contained in the United States Sentencing Guidelines. The proposed reduction is expected to become effective on November 1, 2014. While the Sentencing Commission has indicated that the revisions shall have retroactive effect, offenders may not be released from custody pursuant to the amendments before November 1, 2015. (*See* Amendment 788 to USSG §1B1.10, effective November 1, 2014.) Thus, the question presented by the current motion is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. Under the facts presented, a reduction of Harper's sentence would be wholly inappropriate.

In addition to the seriousness of the conduct giving rise to his conviction, the Court is troubled by Harper's behavior before sentencing, which is more fully discussed in this Court's sentencing memorandum. [Record No. 37] Harper left the Courthouse prior to a scheduled hearing and failed to return, necessitating the issuance of a bench warrant. Based upon his failure to appear, as well as two other violations, Harper's personal recognizance bond was revoked and he was remanded to custody.

While in custody awaiting sentencing, Harper continued to conspire to distribute marijuana and methamphetamine. [Record No. 37, p. 4; Record No. 59, p. 51–52[1]] Because Harper's drug trafficking from jail was substantially similar to the activity for which he was convicted, he was denied credit under the United States Sentencing Guidelines for acceptance of responsibility. Harper and his girlfriend also attempted to influence the federal judge originally assigned to his case *via* improper contact with a member of her family.

The guideline range calculation, and the reduction in drug tables by the proposed amendment, are not ultimately relevant because the Court imposed a sentence *above* the calculated range. Without the benefit of the three-level reduction for acceptance of responsibility, Harper's guideline calculation was a level 34, which reflects a base level of 32 with a two level addition for the presence of firearms. [Record No. 59, p. 53; Record No 42, p. 8[2]] When coupled with a category I criminal history, Harper's guideline range was calculated as 151 to 188 months. [*Id.*] However, given Harper's behavior, this guideline range was not sufficient to meet the statutory goals of sentencing. Considering the factors under § 3553, the Court determined that an upward adjustment of one level would provide a

---

1     Record No. 59 refers to the transcript of the sentencing hearing.

2     Record No. 42 refers to the Presentence Investigation Report.

more appropriate range. [Record No. 59, p. 57–60] Thus, the Court considered the offense level of 35, which was a range of 168 to 210 months. Ultimately the Court determined that at the top end of that range was necessary under § 3553.

In addition to the severity of the charges against him, Harper's behavior leading up to his sentencing demonstrate that a sentence above the calculated guideline range was necessary under the circumstances presented. In evaluating the present motion, this Court must seriously consider all relevant statutory factors and independently determine whether a reduced sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." These factors include the need for the sentence imposed to:

> (A) reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense;
>
> (B) afford adequate deterrence to criminal conduct;
>
> (C) protect the public from future crimes of the defendant; and
>
> (D) provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The original sentence imposed by this Court was required to provide adequate deterrence to criminal conduct and to promote respect for the justice system.

The likelihood that Harper will re-offend when released is substantial and the corresponding danger he presents to the public is great. Harper's behavior exhibited a complete lack of respect for the justice system. And he has not accepted responsibility for

his actions.[3] Neither deterrence nor respect for the law will be promoted by a reduced sentence. Considering all relevant information, the undersigned concludes that a reduction of Harper's sentence would not meet these statutory goals nor provide a just punishment. More importantly, a reduction would not provide general or specific deterrence to Harper or others inclined to commit a similar offense.

Finally, the Court notes that the United States Sentencing Guidelines are not binding. While the cost to incarcerate Harper is substantial, that cost is not a factor to consider under 18 U.S.C. § 3553, and it does not overcome the relevant considerations outlined above. Accordingly, it is hereby

**ORDERED** that Defendant James D. Harper's motion for a reduction of his sentence [Record No. 92] is **DENIED.**

This 28th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[3] Harper's claim in support of his motion that he "fully accepted responsibility in his crime" is contradicted by the events prior to his sentencing. [Record No. 92, p. 2] Harper has not demonstrated to the Court, then or now, that he has accepted responsibility for his criminal actions.