UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-057-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES D. HARPER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant James Harper's recent *pro se* motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels assigned to certain drug quantities. [Record No. 101] For the following reasons, the motion will be denied.

In 2005, Harper pled guilty to conspiring to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. [Record Nos. 16, 17] He was sentenced to 210 months' imprisonment, followed by a term of supervised release of five years. [Record No. 38] In 2014, Harper filed a similar motion to reduce his sentence pursuant to Amendment 782. [Record No. 92] Citing the seriousness of Harper's conduct, as well as his particularly egregious behavior prior to sentencing, the Court denied the motion. [Record No. 93] The Court also noted that Harper's guideline range calculation ultimately was not relevant because the Court imposed a sentence above the guidelines range. *Id.* at p. 3.

As previously explained, the Court has no basis for reducing the defendant's sentence under these circumstances. Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's

sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. . . ." In determining "whether the original sentence was, in fact, based on such a range," the Court looks to what was actually said and done at the original sentencing. *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (internal citations and quotation marks omitted). Upon review of the sentencing transcript, it is clear that Harper received an upward adjustment and was not sentenced based on the guideline range. Thus, Amendment 782 has no impact on his sentence.

In addition to the reasons outlined above, Harper's present motion constitutes a request for reconsideration of the Court's prior determination. Reconsideration is untimely, however. A request for reconsideration in a criminal case must be made within the fourteen-day period for filing an appeal. *See United States v. Gomez-Gomez*, 643 F.3d 463, 471 (6th Cir. 2011) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003)); *United States v. Green*, 625 F.App'x 901, 906 (10th Cir. 2015). Here, Harper filed the present motion nearly two years after his first motion was denied and almost one year after his appeal of this Court's earlier ruling was dismissed by the Sixth Circuit.

Accordingly, it is hereby

**ORDERED** that the defendant's motion to reduce sentence [Record No. 101] is **DENIED.**

This 26th day of September, 2016.


Signed By:
*Danny C. Reeves* DCR
United States District Judge